IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CANDIDO C. PEREZ, JR.,

    Plaintiff,                    No. CIV S-12-0601 LKK DAD PS

    v.

SACRAMENTO COUNTY          ORDER
SHERIFF,

    Defendant.
_____/

        Plaintiff, Candido Perez, Jr., is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the

1

proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

/////

Here, plaintiff's complaint is deficient in at least two fundamental respects. First, although certainly short, the complaint does not contain a plain statement of plaintiff's claim showing that plaintiff is entitled to relief. In this regard, the entire complaint is made up of one paragraph, which reads:

> THE OFFICERS OF THE SACRAMENTO SHERIFF'S DEPT. DID KNOWINGLY AND WILLFULLY VIOLATE ARTICLE 1983, CECTION (sic) 42 USC. EXCESSIVE FORCE ON NOV. 3rd 2010.
> PLAINTIFF SEEKS 2 million for damages, medical bills, and pain and suffering.

(Compl. (Doc. No. 1) at 1.)

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of the claims both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support the plaintiff's claims. See id.

Second, the complaint attempts to allege a claim pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

/////

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In this regard, here, the sole defendant named in plaintiff's complaint is the Sacramento County Sheriff's Department. That entity cannot be held liable for an injury inflicted solely by an employee under a theory of respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell, 436 U.S. at 691; Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003) (describing the two routes to municipal liability as being where a municipality's official policy, regulation or decision violated plaintiff's rights or, alternatively, where a municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights.)

"To establish municipal liability under § 1983, a plaintiff must show that (1)[he] was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir.

2009) (internal quotation marks omitted). "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1151 (9th Cir. 2011) (internal quotation marks and citation omitted). See also Monell, 436 U.S. at 694.

The complaint before the court fails to comply with these standards. Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,___, 129 S. Ct. 1937, 1949 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 8, 2012, application to proceed in forma pauperis (Doc. No. 2) is denied without prejudice.[1]

2. The complaint filed March 8, 2012 (Doc. No. 1) is dismissed with leave to amend.

3. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

---

[1] If plaintiff elects to file an amended complaint, plaintiff may submit a new application to proceed in forma pauperis or pay the required filing fee.

6

1    4.  Failure to comply with this order in a timely manner may result in a
2 recommendation that this action be dismissed.
3 DATED: May 10, 2012.

                                                       DALE A. DROZD
                                                       UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\perez601.ifp.den.ords